IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRANCITO GOMEZ,

    Plaintiff,

vs.                                                                 Civ. No. 99-721 JP/JHG

LARRY G. MASSANARI,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On October 4, 2001, the Plaintiff filed a Motion to Reconsider and/or Clarify Remand Order (Doc. No. 27). Having reviewed the briefs and relevant law, the Court finds that the Motion to Reconsider should be denied but that Plaintiff's Motion to Clarify Remand Order should be granted.

A. Background

On August 29, 2001, the Court entered a Remand Order (Doc. No. 26) which remanded this case to the Defendant "so that he will either locate the missing cassette tape or otherwise reconstruct the record of the administrative hearing which was recorded on the missing cassette tape." The Plaintiff in his Motion to Reconsider and/or Clarify Remand Order asks the Court not to remand this case because a remand will lengthen the time it will take to finally resolve this case. The Plaintiff also asks the Court to clarify what it meant by "reconstruct the administrative hearing" and to clarify whether the Court envisioned another administrative hearing if the lost cassette tape is not found.

The Defendant opposes that portion of Plaintiff's motion which seeks a reconsideration of the Remand Order by relying on sentence six of 42 U.S.C. §405(g). Sentence six of §405(g) states that "[t]he court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary...." The Defendant also notes that he "should be ordered to reconstruct the record to the extent possible, and if the lost hearing tape is not located, to hold a new hearing." Defendant's Response to Plaintiff's Motion to Reconsider and/or Clarify Remand Order (Doc. No. 28) at 2, filed Oct. 4, 2001.

B. Discussion

The Federal Rules of Civil Procedure do not recognize a motion to reconsider. Therefore, the Court must construe a motion to reconsider in one of two ways. *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). If the motion is filed within ten days of the district court's entry of judgment, it is treated as a Rule 59(e) motion to alter or amend the judgment. *See id*. When it is filed more than ten days after entry of judgment, it is treated as a Rule 60(b) motion for relief from judgment. *See id*. In this case, the Plaintiff's Motion to Reconsider and/or Clarify Remand Order was filed more than ten days after the Remand Order was entered. Accordingly, the Court will treat the Plaintiff's motion as a Rule 60(b) motion.

A district court may grant relief from a final judgment or order under Rule 60(b) for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud, ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ... ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The Court construes the Plaintiff's motion as one seeking relief under Rule 60(b)(6). It is well settled that "a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) (citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)). District courts have substantial discretion in connection with a Rule 60(b) motion. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

In this case, the Plaintiff fails to present such extraordinary circumstances as to justify Rule 60(b)(6) relief. Although a remand will necessarily extend the time it will take to ultimately resolve this case, a just result demands a complete record. The Plaintiff's motion to reconsider will, therefore, be denied. The Court will, however, grant the Plaintiff's motion to clarify the Remand Order.

IT IS ORDERED that:

1. the Plaintiff's Motion to Reconsider and/or Clarify Remand Order (Doc. No. 27) is granted in part in that the portion of the motion requesting reconsideration of the Remand Order is denied and the portion of the motion requesting clarification of the Remand Order is granted; and

2. upon remand, the Defendant will either locate the missing cassette tape within a reasonable time or otherwise reconstruct the record of the administrative hearing by holding another administrative hearing.

_____
CHIEF UNITED STATES DISTRICT JUDGE