IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRANCITO O. GOMEZ,[1]

        Plaintiff,

v.                                                            CIV 99-0721 JP/KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING
# AWARD OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)(1)

This matter is before the Court on Plaintiff's Motion For An Order Authorizing Attorney Fees pursuant to 42 U.S.C. § 406(b)(1).[2] *See Doc. 30.* A reply will not be filed, and Plaintiff has forwarded a copy of an affidavit that was inadvertently not attached to his memorandum in support. That affidavit will be attached as an exhibit to these proposed findings, and the matter is ripe for disposition. I have thoroughly reviewed the parties' submissions, the relevant authorities and the court docket sheets and the filed documents if they were available.

Plaintiff originally sought benefits in 1994, and his claim was denied. Represented by Gary Martone, Plaintiff appealed to federal district court for judicial review. *See Gomez v. HHS,* CIV 97-576 SC/LFG. That file is archived and the documents were not electronically-scanned, so I

---

[1] The claimant/plaintiff Trancito Gomez died in September 2003 and his mother was made a substitute party in the administrative proceedings. For ease of reference, I refer to Mr. Gomez as "plaintiff."

[2] Section 406 of Title 42 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart,* 535 U.S. 789, 794 (2002).

only have access to the docket entries in that matter.  Shortly after Mr. Martone withdrew, Michael Armstrong undertook Plaintiff's representation.  Thereafter, the matter was remanded at the Commissioner's request, and the docket sheet reflects that Mr. Armstrong was awarded fees in the amount of $3,250.00 in May 1998 over objections by the government.

Ordinarily, when a social security appeal is remanded without a disposition on the merits, the remand is pursuant to "sentence six" and, therefore, Plaintiff's counsel cannot move for attorney fees under the Equal Access to Justice Act ("EAJA").[3]  Again, because the file has been archived, I am unable to determine if the court characterized the remand as a sentence four or six, or whether Defendant objected to an award of EAJA fees on this basis.  The record in the instant matter does not discuss these aspects of the prior case.  *See also Doc. 24.*

On remand to the ALJ, the Administration held two hearings and again denied benefits.  In 1999, Plaintiff filed this second appeal to this court, this time represented by James Rawley.  According to the time records submitted by Mr. Rawley, the first time he worked on this case was early June 1999, some three weeks before counsel filed the instant appeal.[4]

---

[3] *See, e.g., Hartter v. Apfel,* 145 F.3d 1345 (10th Cir. 1998) (unpublished) ("Hartter does not satisfy the threshold prevailing party requirement of the EAJA when the district court only remands the case and makes no substantive ruling on the Commissioner's decision.  The remand allowed the Commissioner to consider new evidence, but the district court did not rule on the correctness of the Commissioner's decision to deny benefits.  It thus did not change the legal relationship between the parties."); *Dudley v. Halter,* CIV 00-489 JC/LCS (proposed findings based on same reasoning and authorities as in *Hartter,* adopted by the district judge and denying EAJA fees after a sentence six remand).

[4] Nothing in the record indicates that Mr. Rawley had represented Plaintiff at the Administrative level during the first remand, or that he undertook representation of Plaintiff based on a contingency agreement.  *See Doc. 30,* Exh. E (his first entries for 6/8/99 and 6/16/99 indicate Mr. Rawley "followed up" with "appellate counsel," talked with "appellate counsel" about *in forma pauperis* status and talked with Plaintiff prior to drafting and filing the Complaint); *Doc. 1* (complaint filed 6/28/99).  Thus, without more, Mr. Rawley's assertion that he has represented Plaintiff for more than a decade is confusing.  *See Doc. 30* at 3 ("Undersigned counsel has represented Mr. Gomez in this regard since 1993, with a very lengthy history of litigation, including two hearings before the ALJ.  Counsel has worked for over a decade

The Commissioner again moved to remand, this time because tapes of the hearings before the ALJ were missing. Plaintiff opposed remand because of the delay that would result in an award of benefits. It appeared that it would take at least ten months before the tapes might be retrieved, and Mr. Rawley felt he could reconstruct the file from his own copies and provide that to the defense. Therefore, I denied the motion to remand but without prejudice so that it could be renewed if the parties determined that the record could not be adequately reconstructed for judicial review. *See Doc. 13*.

After Defendant answered and filed a reconstructed record, the parties briefed Plaintiff's motion to reverse or remand, and the case referral was transferred to Magistrate Judge Joe H. Galvan. Although he noted the absence of "critical testimony," Judge Galvan issued proposed findings and recommended an outright award of benefits. Then Chief District Judge Parker, who was also concerned about the missing transcript, set aside my earlier order and granted Defendant's motion to again remand the matter. *See Docs. 13, 24, 26-29.* This 2001 remand for a hearing before the ALJ was pursuant to sentence six without ruling on the merits, and Mr. Rawley did not seek EAJA fees.

After Plaintiff died in September 2003, his mother was made the substitute party in the administrative proceedings. She signed a contingency agreement allowing Plaintiff's attorney a maximum of 25% of any back pay award. The last sentence of the agreement just above her signatures advises that the "[c]laim goes back to 1993 and may involve long and large back pay award, such that attorney fee of 25% may exceed $5,300.00. Claimant is deceased." *See Doc. 30,* Exh D.

---

prior to receipt of any fee, and had complete success.").

Some five months after the contingency agreement was signed, the Administration awarded Mr. Gomez benefits in May 2004, and the ALJ issued an order approving the fee agreement. The back benefits amount to $64,212.00 and twenty-five percent of that award is $16,053.00. The Administration has already awarded Mr. Rawley statutory fees in the amount of $5,225.00. He now seeks an additional $10,828.00 for the 23.9 hours he spent on court-related work during this suit from June 1999 to October 2001. The $10,828.00, along with the $5,225.00 already awarded by the Administration, would bring his fee total to $16,053.00 – the full 25% of back benefits per the contingency agreement with Plaintiff's mother. *See Docs. 30, 31*. Defendant objects, arguing that $10,828.00 for 23.9 hours of work amounts to $435.05 per hour and that such a high hourly rate amounts to a "windfall" under *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002).

Section 406(b) caps the amount of attorney fees in social security cases at 25%.[5] Congress imposed this cap after recognizing that some attorneys charged "exorbitant fees" from "one-third to one-half of the accrued benefits," and stood to benefit by delaying litigation in order to allow back benefits to accrue. *Gisbrecht,* 535 U.S. at 804. *Gisbrecht* rejected a "loadstar" approach to awarding fees, holding that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. However, § 406(b) does require the court to review the contingency fee arrangement "as an independent check" to make sure that the agreement yields a reasonable result in that particular case. *Id.* Factors courts have considered include: the

---

[5] *See* 42 U.S.C. § 406(b)(1)(a) ("the court may . . . allow . . . a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled").

4

character of the representation; the results achieved; if Plaintiff's attorney is responsible for delay; the number of hours spent; and hourly charges in noncontingent-fee cases. *Id.* at 808. Indeed, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

As Magistrate Judge Richard L. Puglisi has noted, § 406 attorney fees awarded in this district have fallen within a range from $360 to $448 dollars an hour. *See, e.g., Justice (Dean) v. Barnhart,* CIV 01-686 JP/RLP (*Doc. 28* at 3, listing cases, adopted by Judge Parker).[6] The requested compensation here is within the upper end of that range, and there is no question that Mr. Rawley has expertise in this area, has provided quality representation and was not responsible for the long delay of the matter.[7]

Nevertheless, it is unreasonable to award Mr. Rawley the entire fee he requests, not on the basis that the hourly rate is too high,[8] but because he is the third attorney to represent Plaintiff, and Mr. Rawley's immediate predecessor already was awarded EAJA fees. If Mr. Rawley had represented Plaintiff throughout, he would have been awarded the EAJA fees after the first remand but would now be required to remit them to the client so that he would not receive more than 25% of the back benefits. *See, e.g., Dean, supra (Doc. 29).* Since he took over the case

---

[6] *See also Yarnevic v. Apfel,* 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. 2005) (after *Gisbrecht* district courts have awarded fees that amount to a high hourly rates from $350 to $1,433 per hour, where counsel has extensive experience in social security representation, requested fee was relatively small in proportion to the past due benefit award, and counsel bore substantial risk of loss by pursuing the claim for years under contingency fee agreements).

[7] On the other hand, judges of this district have not hesitated to serve as an "independent check" that enforcement of a contingent fee agreement yield reasonable results in particular cases. For instance, Magistrate Judge Don Svet reduced an award where the requested $7,000.00 for 14.7 hours of court work was found to be unreasonable, given the large award compared to the time spent on a case that did not involve novel or difficult issues, and counsel had already received $4,000 for the Commissioner for administrative services. *See McBride v. Barnhart,* CIV 02-27 MV/DJS *(Doc. 25).*

[8] I express no opinion on that issue.

mid-stream, he would indeed receive a "windfall" at the expense of the client if the EAJA fees are not reimbursed.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion for attorney fees *(Doc. 30)* be **granted in part**, and that Plaintiff be awarded $7,578.00 in fees, which amounts to $317.07 per hour.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**